IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Criminal No. 03-235 |
| | ) | |
| JAMES M. LYLE, | ) | |
| | ) | |
| Defendant. | ) | |

O R D E R

AND NOW, this 26th day of June, 2008, upon consideration of Defendant's pro se "Motion to Order BOP to Follow Court's Judgment in Regard to Restitution Payment Schedule" (Document No. 46), filed in the above captioned matter on March 24, 2008,

IT IS HEREBY ORDERED that said Motion is DISMISSED without prejudice.

I. **Background**

On January 7, 2004, Petitioner pled guilty to one count of use of counterfeit access devices, in violation of 18 U.S.C. § 1029(a)(1). On April 8, 2004, Petitioner was sentenced by this Court to 27 months' imprisonment and 3 years' supervised release. The Court also ordered Defendant to pay restitution in the amount $3,549.34 to various victims; however, the Court found that the economic circumstances of Defendant did not allow the payment of any amount of a restitution order, and did not allow for the payment of the full amount of a restitution order in the foreseeable future

1

under any reasonable schedule of payments, and set forth a payment schedule taking this into account. Judgment was entered in this case on April 12, 2004.

On November 20, 2006, a Petition on Supervised Release was filed, alleging that Defendant had violated the terms of his supervised release. On December 18, 2006, after a hearing on the petition on December 13, the Court issued an order finding that Defendant had violated a condition of his supervised release, but deferring a determination on revocation and amending Defendant's sentence as follows:

> The defendant's conditions of Supervised Release shall be modified to reflect that the defendant shall be prohibited from any personal use of a computer. In addition, the defendant shall be placed on home detention until an opening at the Renewal Corrections Center becomes available at which time the defendant will be placed in the Renewal Corrections Center for a period of six (6) months. During this time, the defendant shall be permitted to leave the Center for employment and mental health treatment purposes. Permission to leave the Center for any other purpose must be approved, in advance, by the Probation Office.

Upon consideration of a motion filed by the Government on December 18, 2006, which represented that Defendant had presented a forged document at the December 13 hearing, the Court held a subsequent hearing on December 27, 2006. At this hearing, the Court revoked Defendant's supervised release and sentenced him to 24 months' imprisonment.

On January 22, 2008, Defendant filed his "Motion to Modify Fine" seeking to have his sentence corrected in regard to the fine allegedly imposed pursuant to Federal Rule of Criminal Procedure 52(b).[1] In this motion, he alleged that the Court improperly delegated the payment plan for his restitution to the Bureau of Prisons ("Bureau" or "BOP"). The Court dismissed this motion by Order of January 29, 2008.

Defendant then, by letter dated February 18, 2004, indicated that his motion had not accurately conveyed his concerns, and that he was challenging the Bureau's administration of the Inmate Financial Responsibility Program ("IFRP"). By letter dated March 20, 2008, the Court referred Defendant to the January 29 Order and advised him that this Court has no role in the administration of this program and that he should follow whatever procedures may be in place for raising his grievance through the Bureau of Prisons. The present motion followed.

## II.    Discussion

Defendant's motion raises essentially the same issues as did his February 18 letter. As the Court stated in response to that letter, to the extent that the present motion attempts to argue that the Court improperly delegated the payment plan for his restitution

---

[1] The Court notes that it waived imposition of a fine in Defendant's case, and that Defendant was apparently referring to the order regarding payment of restitution.

3

to the Bureau of Prisons, this issue has been resolved pursuant to the Court's January 29 Order.

To the extent Defendant is arguing that the Bureau is improperly administering the IFRP in regard to his restitution, this Court is without jurisdiction to consider his argument because Defendant has not properly exhausted his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). The United States Supreme Court has made it clear that the filing, by an inmate, of an action in federal district court before completing the administrative remedy process violates the mandatory exhaustion requirement contained in the PLRA, [2] and requires the action to be dismissed. See Booth v. Churner, 532 U.S. 731 (2001); Porter v. Nussle, 534 U.S. 516 (2002). See also DeHart v. Horn, 390 F.3d 262, 273 (3d Cir. 2004); Spruill v. Gillis, 372 F.3d 218, 226-27 (3d Cir. 2004); Concepcion v. Morton, 306 F.3d 1347, 1351-52 (3d Cir. 2002). Moreover, the Court closed the door on any potential arguments by inmates urging the futility of exhausting administrative remedies: "[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth, 532 U.S. at 741 n.6.

---

[2] Under the PLRA, 42 U.S.C. § 1997e(a), exhaustion of administrative remedies in cases filed by prisoners is mandated:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

4

Defendant does not identify the jurisdictional basis of his motion. However, insofar as the motion is challenging the BOP's administration of the IFRP, it is properly construed as an action brought pursuant to 28 U.S.C. § 2241, to which the PLRA would apply. See Ridley v. Smith, 179 Fed. Appx. 109, 111 (3d Cir. 2006); Ihmoud v. Jett, 2008 WL 887384, at *1 (7th Cir. Apr. 3, 2008). Regardless, however the motion is construed, courts, including the Third Circuit, have agreed that issues regarding the administration of the IFRP require exhaustion of remedies under the PLRA before the issue can be raised in district court. See Ridley, 179 Fed. Appx. at 111; Ihmoud, 2008 WL 887384, at *1; Fripp v. Laird, 179 Fed. Appx. 563 (11th Cir. 2006); Aja v. Bureau of Prisons Staff, 202 F.3d 267 (6th Cir. 1999); United States v. Rumney, 86 F.3d 1147 (1st Cir. 1996). Defendant does not allege, much less establish, that he has exhausted his administrative remedies here. Accordingly, this Court cannot consider his claims.

## III. Conclusion

Defendant's motion is therefore dismissed without prejudice to re-file in the appropriate district court if and when he exhausts his administrative remedies.

s/Alan N. Bloch
United States District Judge

ecf:     Counsel of record

cc:      James M. Lyle
         #07911-068, Qtr. W-A
         Federal Correctional Institution
         P.O. Box 4000
         Manchester, KY 40962-4000